**IN THE COURT OF APPEALS OF IOWA**

No.16-0944
Filed March 8, 2017

**IN RE THE MARRIAGE OF AGNIESZKA K. MARCINOWICZ-FLICK
AND RAMON FLICK**

**Upon the Petition of
AGNIESZKA K. MARCINOWICZ-FLICK,**
        Petitioner-Appellee,

**And Concerning
RAMON FLICK,**
        Respondent-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert A. Hutchison, Judge.

Ramon Flick appeals the child-custody, property-division, and child-support provisions of the decree dissolving his marriage to Agnieszka Marcinowicz-Flick. **AFFIRMED.**

Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West Des Moines, for appellant.

Brent A. Cashatt and Stacey N. Warren of Babich Goldman, P.C., Des Moines, for appellee.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**PER CURIAM.**

Ramon Flick appeals the child-custody, property-division, and child-support provisions of the decree dissolving his marriage to Agnieszka ("Aga") Marcinowicz-Flick. Finding no reason to modify the district court's decree (as modified pursuant to Iowa Rule of Civil Procedure 1.904(2) on May 11, 2016), we affirm.

We review dissolution cases, which are tried in equity, de novo. Iowa R. App. P. 6.907; *In re Marriage of Schenkelberg*, 824 N.W.2d 481, 483-84 (Iowa 2012). We give weight to the factual findings of the district court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R. App. P. 6.904(3)(g). "Precedent is of little value as our determination must depend upon the facts of the particular case." *In re Marriage of Fennelly*, 737 N.W.2d 97, 100 (Iowa 2007) (citation omitted).

After more than three years of preliminary proceedings and several days of trial, the district court entered a thoughtful and comprehensive decree in which the parties' two children were placed in Aga's sole physical care and legal custody. Ramon was granted visitation twice weekly, alternating holidays, and two weeks during the summer, all of which was to "be supervised by a person designated by Aga and at a place approved by her." The trial court distributed what remained of the marital estate after Ramon had "spent all the securities in his possession[,] incurred thousands and thousands of dollars in new debts[, and] failed to pay the obligations he was required to pay under the Temporary Matters Order," bringing "financial ruin" to the parties. The district court ordered Ramon to pay child support in the amount of $1000 per month and a portion of

the children's uncovered medical expenses and granted Aga both tax exemptions. The district court also found Ramon in contempt for failing to deliver the spare key for Aga's car to her, failing to communicate with Aga in a courteous and respectful manner, and for violating the Temporary Matters Order on twenty-nine separate occasions.[1]

On appeal, Ramon contends the district court erred in placing the minor children in Aga's sole legal custody and ordering his visitation supervised by a person designated by Aga, and challenges the property-distribution, child-support, and tax-exemption orders. On our de novo review, however, there is solid support in the record for the trial court's findings and conclusions, and we adopt them as our own.

We note particularly the expressions of concern about Ramon's inability to set aside his disdain for Aga to the detriment of his relationship with his children.[2] While we might not have used the same analogies as the trial court, we agree Ramon has "engaged in a campaign during this case to gain custody of the children, ruin their relationship with Aga, and to destroy her financially, just as he promised to do in the early days of the separation." Ramon's behavior during the pendency of these proceedings has been detrimental to the children. The older child's counselor of three years, Dr. Judith Rudman, testified the child "seems to feel that if she has positive feelings toward her mom, she's somehow betraying her dad," which "creates an unhealthy dynamic and polarizes relationships, and it

---

[1] Ramon's petition for writ of certiorari challenging the findings of contempt was denied by the supreme court.
[2] The trial court stated to Ramon, "Until you get to the point where you're willing to love your kids more than you hate your ex-wife, it's not going to work out well for you."

makes it hard to establish healthy interactions moving forward as she becomes an individual person." The counselor stated she "was very concerned that [the child] was becoming alienated from her mom and that it was creating undue stress and significant anxiety" for the child.

In 2014, Dr. Sheila Pottebaum conducted a comprehensive custody evaluation and recommended physical care of the children be placed with Aga, with Ramon receiving liberal visitation. By 2015, Michael Bandstra, the guardian ad litem appointed at Ramon's insistence, was recommending Aga have sole legal custody. By the time this matter went to trial in February 2016, the court realized Ramon was oblivious to the advice of his own three therapists and continued to alienate the children from their mother. We need not repeat the methods Ramon employed to alienate the children because they have been thoroughly set out in the trial court's decree.

Ramon also contends the district court imposed onerous conditions on his visitation rights. We have stated, "[W]e will not restrict a parent's visitation unless direct physical or significant emotional harm to the child, other children, or a parent is likely to result from such contact." *In re Marriage of Rykhoek*, 525 N.W.2d 1, 4 (Iowa Ct. App. 1994). Here, there is ample evidence to support the conditions imposed to minimize or eliminate the significant emotional harm Ramon inflicts upon the children and Aga. Ramon is capable of being a good parent, but his actions reflect a mindset contrary to the children's best interests and well-being. It is obvious the district court gave substantial consideration to the conditions imposed and, upon our de novo review, we conclude the court's reasons support the conditions imposed.

We have also carefully reviewed Ramon's complaints concerning the economic provisions of the decree and find them to be without merit. The district court's orders dividing the parties' assets and debts are equitable under the troublesome circumstances presented here. *See In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013) (stating we do not disturb a dissolution court's ruling unless "there has been a failure to do equity" (citation omitted)). Ramon's self-imposed underemployment weighs toward the use of imputed earnings in the child-support determination, and the district court made all appropriate findings to do so. *See* Iowa Ct. R. 9.11(4) (allowing the court to impute income if the court finds "that a parent is voluntarily unemployed or underemployed without just cause" but must make a written determination "substantial injustice would occur or adjustments would be necessary to provide for the needs of the child(ren) or to do justice between the parties"). We affirm the final decree in all respects.

Aga seeks an award of appellate attorney fees. An award of appellate attorney fees is discretionary and made in consideration of the needs of the requesting party, the other party's ability to pay, and whether the requesting party was obligated to defend the district court's decision on appeal. *In re Marriage of Davis*, 608 N.W.2d 766, 773 (Iowa 2000). Applying these considerations in light of the facts in this case, we award Aga $3500 in appellate attorney fees.

**AFFIRMED.**